**P. David ROMEI, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 10–09–00062–CR, 10–09–00063–CR.**

Court of Appeals of Texas,
Waco.

Sept. 16, 2009.

Richard E. Wetzel, Austin, TX, for Appellant.

Bill R. Turner, Brazos County District Attorney, Bryan, TX, for Appellee.

Before Chief Justice GRAY, Justice REYNA, and Justice DAVIS.

### ORDER

PER CURIAM.

P. David Romei was convicted of theft of property, a felony, and misapplication of fiduciary property, a misdemeanor. TEX. PENAL CODE ANN. §§ 31.03(f)(2) and 32.45 (Vernon Supp. 2008). Sentence was pronounced in each conviction on January 12, 2009. The reporter's records in these appeals were originally due March 13, 2009. Neither record has been filed.

In an effort to comply with this Court's duty under Texas Rule of Appellate Procedure 35.3(c), on April 14, 2009, with the full Court's approval, the Clerk of this Court prepared a letter to the trial judge of the 361st District Court documenting the reporter's records from that court which were overdue in this Court. The records from these appeals, case numbers 10–09–00062–CR and 10–09–00063–CR, were included in the Clerk's list of overdue records. On April 17, the trial judge responded by letter and informed the Clerk that, as to these appeals, the reporter was working diligently and would provide them as timely as possible. The trial judge did not give the Clerk a set date for the filing of the records but did inquire about the frequency with which he received communications about late records.

On April 29, 2009, this Court responded by letter, with each justice signing the letter, explaining that we were endeavoring to comply with Rule 35.3(c) and detailing the actions taken by the Court or the reporter in each of the appeals that had been listed in the earlier correspondence by the Clerk. We noted that, in these appeals, no specific date was given as to when the records would be filed. We also expressed our appreciation for the trial judge's attention to the matter.

There was no response to this last correspondence from the Court until May 15, 2009, when we received a document from the reporter informing us that he had obtained the services of a "very competent transcriptionist" to complete the record in appellate case number 10–09–00063–CR. The reporter requested an extension to August 15, 2009 to file the record in appellate case number 10–09–00063–CR. Nothing was mentioned about the record in appellate case number 10–09–00062–CR, the companion appeal.

On May 22, 2009, we received a fax of an identical document from the reporter regarding appellate case number 10–09–00062–CR. As was requested in 10–09–00063–CR, the reporter requested an extension until August 15, 2009 to file the record in 10–09–00062–CR.

By letter dated June 2, 2009, we approved the extension in both appellate cases and ordered the records filed by August 15, 2009. The reporter was

warned that the failure to file the records may result in an order to show cause why the reporter should not be held in contempt for failure to timely file the reporter's records. August 15, 2009 has passed, and a reporter's record has not been filed in either appeal.

On August 18, 2009, we received another request for an extension of time to file the reporter's record but only in appellate case number 10–09–00062–CR. The reporter requests an additional two months, to October 14, 2009, to file the record in this appellate case number. His reasons for needing the additional time are set out in full.

> I would like to summarize that I have had numerous smaller appeals that I have gotten out this year, a 2,000 page record from April of 2008 that was only requested late 2008, this 2,000 page trial from November of 2008, and also a capital murder trial from January through March of 2009. I had to immediately work on the testimony of the capital murder case because there's a companion case that is to be tried this fall and it was necessary to prepare the testimony of the capital case for a companion trial to be tried this fall.

> I will also point out that I have obtained the services of an excellent transcriptionist and also a proofreader to assist me in getting caught up.

> Also, there are many exhibits that have to be organized, copies (sic) and bound.

The reasons are substantially the same as those explaining his earlier request for a five month extension of time. We have not received any correspondence regarding why the reporter's record in appellate case number 10–09–00063–CR was not filed on August 15, 2009 as ordered, nor have we received a request for an extension of time to file the reporter's record for that appellate case number.

Nevertheless, the reporter's request for an extension to file the reporter's record in appellate case number 10–09–00062–CR is granted. We also extend the time to file the reporter's record in appellate case number 10–09–00063–CR.

Therefore, the reporter is **ORDERED** to deliver the reporter's record in both appellate case numbers 10–09–00062–CR and 10–09–00063–CR into the hands of either the Clerk or a Deputy Clerk of the Tenth Court of Appeals at 501 Washington, Suite 415, Waco, Texas by **October 14, 2009, at 10:00 a.m.** or to appear in person, with or without an attorney, on that date and at that time for a hearing before the justices of the Tenth Court of Appeals to explain why the reporter's records were not filed by that date.

FAILURE TO FILE THE REPORTER'S RECORDS AS ORDERED HEREIN OR TO APPEAR IN PERSON FOR THE HEARING WILL RESULT IN THE ISSUANCE OF AN ORDER TO SHOW CAUSE WHY THE REPORTER, THE HON. FELIX THOMPSON, SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR SUCH FAILURE.

In addition to being mailed to the representatives of the parties and trial court, the Clerk of this Court is ordered to cause this Order to be delivered by courier receipted restricted delivery, certified mail return receipt requested, and regular first class mail to:

Hon. Felix Thompson

361st District Court

300 E. 26th, Suite 305

Bryan, Texas 77803